1

2

3

4

5

6

7

FILED
CLERK, U.S. DISTRICT COURT

1/10/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CDO___ DEPUTY

8              UNITED STATES DISTRICT COURT

9          FOR THE CENTRAL DISTRICT OF CALIFORNIA

10              January 2023 Grand Jury

11 UNITED STATES OF AMERICA,        CR No. 2:24-cr-00017-GW

12          Plaintiff,             I N D I C T M E N T

13          v.                     [21 U.S.C. §§ 841(a)(1),
                                    (b)(1)(A)(vi): Possession with
14 LUIS ESCOBAR,                    Intent to Distribute Fentanyl; 18
     aka "Downer,"                  U.S.C. § 924(c)(1)(A)(i):
15   aka "Hopper,"                  Possessing Firearms in Furtherance
     aka "Hoperdizzy,"              of a Drug Trafficking Crime; 18
16   aka "Rizzy,"                   U.S.C. § 922(g)(1): Felon in
                                    Possession of Ammunition; 21
17          Defendant.             U.S.C. § 853, 18 U.S.C. § 924(d)
                                    and 28 U.S.C. § 2461(c): Criminal
18                                  Forfeiture]

19

20      The Grand Jury charges:

21                      COUNT ONE

22          [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

23      On or about March 30, 2021, in Los Angeles County, within the

24 Central District of California, defendant LUIS ESCOBAR, also known as

25 ("aka") "Downer," aka "Hopper," aka "Hoperdizzy," aka "Rizzy,"

26 knowingly and intentionally possessed with intent to distribute at

27 least 400 grams, that is, approximately 475.05 grams, of a mixture

28 and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1

2

COUNT TWO

[18 U.S.C. § 924(c)(1)(A)(i)]

3       On or about March 30, 2021, in Los Angeles County, within the

4   Central District of California, defendant LUIS ESCOBAR, also known as

5   ("aka") "Downer," aka "Hopper," aka "Hoperdizzy," aka "Rizzy,"

6   knowingly possessed the following firearms, namely, a black privately

7   made 9 mm caliber pistol, bearing no serial number, and a black

8   privately made .40 caliber pistol, bearing no serial number (commonly

9   referred to as "ghost guns"), in furtherance of a drug trafficking

10   crime, namely, possession with intent to distribute fentanyl, in

11   violation of Title 21, United States Code, Sections 841(a)(1),

12   (b)(1)(A)(vi), as charged in Count One of this Indictment.

1

2

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about March 30, 2021, in Los Angeles County, within the Central District of California, defendant LUIS ESCOBAR, also known as ("aka") "Downer," aka "Hopper," aka "Hoperdizzy," aka "Rizzy," knowingly possessed the following ammunition, each in and affecting interstate and foreign commerce:

1.    Approximately six rounds of Winchester 9 mm Luger caliber ammunition, loaded into a black privately made 9 mm caliber pistol, bearing no serial number; and

2.    Approximately eleven rounds of PMC .40 caliber ammunition loaded into a black privately made .40 caliber pistol, bearing no serial number.

Defendant ESCOBAR possessed such ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.    Possession of a Controlled Substance for Sale, in violation of California Health & Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, Case Number PA068216, on or about August 2, 2010; and

2.    First-Degree Burglary, in violation of California Penal Code Section 459, in the Superior Court for the State of California, County of Los Angeles, Case Number BA392195, on or about December 18, 2012.

1                    FORFEITURE ALLEGATION ONE

2          [21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

3          1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal

4    Procedure, notice is hereby given that the United States of America

5    will seek forfeiture as part of any sentence, pursuant to Title 21,

6    United States Code, Section 853, Title 18, United States Code,

7    Section 924, and Title 28, United States Code, Section 2461(c), in

8    the event of the defendant's conviction of the offense set forth in

9    Count One of this Indictment.

10         2.   The defendant, if so convicted, shall forfeit to the United

11   States of America the following:

12              (a)   All right, title and interest in any and all property,

13   real or personal, constituting or derived from, any proceeds which

14   the defendant obtained, directly or indirectly, from such offense;

15              (b)   All right, title and interest in any and all property,

16   real or personal, used, or intended to be used, in any manner or

17   part, to commit, or to facilitate the commission of such offense;

18              (c)   All right, title, and interest in any firearm or

19   ammunition involved in or used in such offense; and

20              (d)   To the extent such property is not available for

21   forfeiture, a sum of money equal to the total value of the property

22   described in subparagraphs (a), (b), and (c).

23         3.   Pursuant to Title 21, United States Code, Section 853(p),

24   the defendant, if so convicted, shall forfeit substitute property if,

25   by any act or omission of the defendant, the property described in

26   the preceding paragraph, or any portion thereof: (a) cannot be

27   located upon the exercise of due diligence; (b) has been transferred,

28   sold to, or deposited with a third party; (c) has been placed beyond

the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

1                       FORFEITURE ALLEGATION TWO

2               [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

3        1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 18,

6   United States Code, Section 924(d)(1), and Title 28, United States

7   Code, Section 2461(c), in the event of the defendant's conviction of

8   the offenses set forth in either of Counts Two or Three of this

9   Indictment.

10       2.    The defendant, if so convicted, shall forfeit to the United

11  States of America the following:

12            (a)   All right, title, and interest in any firearm or

13  ammunition involved in or used in any such offense, including, but

14  not limited to;

15                  i.   A black privately made firearm 9 mm caliber pistol,

16                       bearing no serial number;

17                 ii.   A black privately made firearm .40 caliber pistol,

18                       bearing no serial number;

19                iii.   Approximately six rounds of Winchester 9 mm Luger

20                       caliber ammunition; and

21                 iv.   Approximately eleven rounds of PMC .40 caliber

22                       ammunition.

23            (b)   To the extent such property is not available for

24  forfeiture, a sum of money equal to the total value of the property

25  described in subparagraph (a).

26       3.    Pursuant to Title 21, United States Code, Section 853(p),

27  as incorporated by Title 28, United States Code, Section 2461(c), the

28  convicted defendant shall forfeit substitute property, up to the

                                    7

value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with

other property that cannot be divided without difficulty.


                                    A TRUE BILL


                                         /s/
                                    _____
                                    Foreperson


E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Deputy Chief, General Crimes
Section

ELIZABETH S.P. DOUGLAS
Assistant United States Attorney
Major Frauds Section